

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

XXX̶X̶I̶I̶X̶X̶ X̶X̶X̶X̶X̶X̶S̶O̶X̶X̶ XXX

**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable Gordon C. Cass
County Attorney
Lampasas, Texas

Dear Sir:

Opinion No. O-3156
Re: Whether property of and shares
in Lampasas Federal Savings and
Loan Association are subject to
Taxation.

We have your letter of February 12, 1941, requesting our opinion
as to whether (1) the property owned by the Lampasas Federal Savings and Loan Association (Such as City lots, buildings, furniture
and fixtures), and (2) shares in said association, are subject to
State and county taxes, together with your appreciated brief on
such questions.

The Home Owners' Loan Act of 1933 is found beginning with Section
1462, Chapter 12, Title 12, U.S.C.A. Subdivision A of Section
1463 reads as follows:

> "(a) Creation; directors. The Board is hereby authorized and
> directed to create a corporation to be known as the Home
> Owners' Loan Corporation, which shall be an instrumentality
> of the United States, which shall have authority to sue and
> to be sued in any court of competent jurisdiction, Federal
> or State, and which shall be under the direction of the Board
> and operated by it under such by-laws, rules, and regulations
> as it may prescribe for the accomplishment of the purposes
> and intent of this section. The members of the Board shall
> constitute the Board of Directors of the Corporation and shall
> serve as such directors without additional compensation."

Subdivision (c) of Section 1463 provides that:

> "The bonds issued by the Corporation under this subsection
> shall be exempt, both as to principal and interest, from all
> taxation (except surtaxes, estate, inheritance, and gift taxes)
> now or hereafter imposed by the United States or any District,
> Territory, dependency, or possession thereof, or by any State,
> county, municipality, or local taxing authority. The Corpora-
> tion, including its franchise, its capital, reserves and sur-
> plus, and its loans and income, shall likewise be exempt from

such taxation; except that any real property of the Corporation shall be subject to taxation to the same extent, according to its value, as other real property is taxes...."

The organization of Federal Savings and Loan Associations is authorized by Subdivision (a) of Section 1464, U. S. C. A., which reads as follows:

"(a) Organization authorized. In order to provide local mutual thrift institutions in which people may invest their funds and in order to provide for the financing of the homes, the Board is authorized, under such rules and regulations, as it may prescribe, to provide for the organization, incorporation, examination, operation, and regulation of associations to be known as 'Federal Savings and Loan Associations,' and to issue charters therefor, giving primary consideration to the best practices of local mutual thrift and home-financing institutions in the United States."

Subdivision (f) said Section 1464 reads as follows:

"(f) Associations as members of Federal Home Loan Bank. Each such association, upon its incorporation, shall become automatically a member of the Federal Home Loan Bank of the district in which it is located, or if convenience shall require and the Board approve, shall become a member of a Federal Home Loan Bank of an adjoining district. Such associations shall qualify for such membership in the manner provided in chapter 11 of this title with respect to other members."

Subdivision (h) of said Section reads as follows:

"(h) Exemptions from taxation. Such associations, including their franchises, capital, reserves, and surplus, and their loans and income shall be exempt from all taxation now or hereafter imposed by the United States, and all shares of such associations shall be exempt both as to their value and the income therefrom from all taxation (except surtaxes, estate, inheritance, and gift taxes) now or hereafter imposed by the United States; and no State, territorial, county, municipal, or local taxing authority shall impose any tax on such associations or their franchise, capital, reserves, surplus, loans, or income greater than that imposed by such authority on other similar local mutual or cooperative thrift and home financing institutions."

Subdivision (k) of said Section 1464 reads as follows:

"(k) Federal Savings and Loan Associations, or Federal Home Loan Banks as fiscal agents of United States. When designated for that purpose by the Secretary of the Treasury, any Federal

Savings and Loan Association or member of any Federal Home
Loan Bank may be employed as fiscal agent of the Government
under such regulations as may be prescribed by said Secre-
tary and shall perform all such reasonable duties as fiscal
agent of the Government as may be required of it. Any Feder-
al Savings and Loan Association or member of any Federal Home
Loan Bank may act as agent for any other instrumentality of
the United States when designated for that purpose by such
instrumentality of the United States. (June 13, 1933, c. 64,
5, 48 Stat. 132; Apr. 27, 1934; c. 168, 5, 6, 48 Stat. 645,
646; May 28, 1935, c. 150, 18, 49 Stat. 297.)

The Federal Home Loan Bank Act is found beginning with Section 1421,
Chapter 11, Title 12, U. S. C. A. Sub-division (c) of Section
1426, U.S.C.A., makes provision for stock subscription for members
of the Federal Home Loan Bank. Section 1430, U.S.C.A., makes pro-
vision for advances or loans by the Federal Home Loan Bank to its
members. Section 1433, U.S.C.A., provides certain broad exemptions
from taxation for the Federal Home Loan Bank, but it is not pro-
vided that such exemptions shall be available to members of such
bank.

The fact that Congress expressly clothed the Home Owners' Loan
Corporation with exemption from any taxation except upon its real
property (Section 1463c) and extended the same exemption to Federal
Savings and Loan Associations from taxation by the United States
but as to local taxation merely provided that "no State, terri-
torial, county, municipal, or local taxing authority shall impose
any tax on such associations as their franchise, capital, reserves,
surplus, loans or income greater than that imposed by such authority
on other similar mutual or cooperative thrift and home financing
institutions, "we think leaves the State and counties free, so far
as the Federal statutes are concerned, to tax both the real and
personal property of Federal Savings and Loan Associations, as well
as shares of stock therein. The Congress merely took the precau-
tion of protecting them from discriminatory taxation, which our own
Constitution and statutes also forbid.

Article 881a-57a, Vernon's Annotated Civil Statutes, reads as
follows:

"Every Federal Savings and Loan Association incorporated un-
der the provisions of Home Owners' Loan Act of 1933, as now
or hereafter amended, domiciled in the State of Texas, and
the holders of shares or accounts issued by any such associa-
tion shall have all the rights, powers, and privileges, and
shall be entitled to the same exemptions and immunities to
which building and loan associations organized under the laws
of this State and holders of the share or share accounts of
such associations are entitled."

Neither in Article 881a-53, Vernon's Annotated Civil Statutes, Article 7150, Revised Civil Statutes, nor in any other Texas statutes, do we find an exemption of any of the property mentioned by you from State and county taxation -- even if Article 8, Section 2, State Constitution, would permit the Legislature to extend such an exemption.

Answering your question, it is our opinion that all of the property in question, including the shares, is subject to ad valorem taxes levied by the county and State.

Yours very truly,

APPROVED FEB. 24, 1941
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By   Glenn R. Lewis
        Assistant

GRL:lm:ml